UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GALE NESTOR | : CIVIL ACTION NO. 3:03CV359 (AVC) |
| | : |
| Plaintiff, | : |
| VS. | : |
| | : |
| PRATT & WHITNEY | : |
| | : |
| Defendant. | : |
| | : MARCH 2, 2004 |

# DEFENDANT'S LOCAL RULE 56(A)1 STATEMENT

1. Pratt & Whitney employed Plaintiff as a machinist in its East Hartford, Connecticut facility. (Plaintiff's federal court Complaint ("Federal Complaint") ¶ 4, attached as Ex. B.)

2. Pratt & Whitney terminated Plaintiff's employment on September 2, 1992 after she had an altercation with a male employee. (Connecticut Commission on Human Rights and Opportunities Affidavit of Illegal Discriminatory Practice ("CHRO Affidavit") ¶ 18, attached as Ex. A.)

3. She was later reinstated, without back pay, after a labor arbitration in early 1993. (February 5, 1993 Arbitration Award in Gale Nestor Grievance, attached as Ex. C.)

4. On November 5, 1992, Plaintiff filed a Complaint with the CHRO alleging that she was discriminated against based on her gender in violation of the Connecticut Fair Employment

Practices Act, Conn. Gen. Stat. 46a-60(a)(1) ("CFEPA") and Title VII of the Civil Rights Act of 1964 ("Title VII") (the "First Action").  (CHRO Affidavit, Ex. A.)

5. Plaintiff's complaint was also cross-filed with the Equal Employment Opportunity Commission ("EEOC").  (CHRO Affidavit, Ex. A; Federal Complaint ¶ 2, Ex. B.)

6. In this case, the CHRO made Plaintiff aware of her options and the remedies available to her.  (Deposition of Gale Nestor ("Nestor Dep.") at 19-20; 74-75, portions attached as Ex. E.)

7. Plaintiff admitted that she was aware of the distinctions between the state and federal forums.  (Nestor Dep. at 19-20; 74-75, Ex. E.)

8. Although Plaintiff could have pursued her claims in state court or federal court, she did not. (Nestor Dep. at 19-20; 74-75, Ex. E.)

9. Instead Plaintiff chose to litigate her discrimination claims at the CHRO.  (Nestor Dep. at 19-20; 74-75 Ex. E.)

10. After years of delays, the CHRO held a public hearing on the discrimination claim in June 1998.  (September 20, 1999 Commission on Human Rights and Opportunities Memorandum of Decision with Order ("CHRO Decision") at 1, attached as Ex. F.)

11. Over a year after the hearing ended, the part-time hearing officer issued a lengthy decision concluding that Plaintiff had been terminated by Pratt & Whitney on the basis of her gender. (Federal Complaint ¶ 21, Ex. B; CHRO Decision, Ex. F.)

12. In doing so, the hearing officer adopted 117 of the CHRO's 119 proposed findings of fact (including typographical errors) and awarded Plaintiff back-pay and interest. (CHRO Decision, Ex. F.)

13. Indeed, the parties had stipulated to the damages in the event that Pratt & Whitney was found liable for discrimination. (August 31, 1998 Stipulation of Damages, attached as Ex. G.)

14. Pratt & Whitney appealed the decision to the Connecticut Superior Court. (Federal Complaint ¶ 22, Ex. B.)

15. The Superior Court affirmed the CHRO decision on February 20, 2001. (Federal Complaint ¶ 22, Ex. B.)

16. Pratt & Whitney also appealed to the Connecticut Appellate Court, which affirmed the Superior Court's decision on September 10, 2002. (Federal Complaint ¶ 23, Ex. B.)

17. Pratt & Whitney then paid Plaintiff the full amount of back pay damages and interest owed under the final judgment. (Letter from Attorney Daniel Schwartz to Attorney Philip Steele dated June 13, 2003, attached as Ex. H.)

18. On February 28, 2003, more than ten years after Plaintiff filed her complaint with the CHRO and EEOC, she brought the instant action in federal court alleging discrimination on the basis of her gender in violation of Title VII (the "Second Action"). (Federal Complaint, Ex. B.)

19. Plaintiff did receive a right to sue letter from the EEOC. (Federal Complaint ¶ 3, Ex. B.)

20. The Second Action is based upon exactly the same factual grounds as alleged in the first action. (Federal Complaint, Ex. B; CHRO Affidavit, Ex. A.)

21. Plaintiff now seeks compensatory damages, punitive damages and attorneys fees in the Second Action, and does not seek back pay. (Federal Complaint at ¶ 25, Ex. B.)

DEFENDANT,
PRATT & WHITNEY,


By    /s/ Daniel A. Schwartz
      Daniel A. Schwartz (ct15823)
      Day, Berry & Howard LLP
      CityPlace I, 185 Asylum Street
      Hartford, CT  06103-3499
      (860) 275-0100
      (860) 275-0343 (fax)
      *daschwartz@dbh.com*
      Its Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this Tuesday, March 02, 2004, via first class mail, postage prepaid, to:

Philip L. Steele
5 Linden Place
Hartford, CT 06106

      /s/ Daniel A. Schwartz
      Daniel A. Schwartz