# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 FEB 28 A 10: 59

| | |
|---|---|
| GALE NESTOR | : No. 3:03CV359(AVC) |
| v. | : |
| PRATT & WHITNEY | : February 28, 2003 |

## COMPLAINT

1. Gale Nestor of Woodstock, Connecticut brings this action to redress injury done to her by defendant's discrimination against her on account of her sex (female) in violation of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. (as amended 1972 and 1991) (Title VII).

2. Ms. Nestor has satisfied all statutory requirements by filing complaints with the Connecticut Commission on Human Rights and Opportunities (CHRO) and the Equal Employment Opportunity Commission (EEOC).

3. The EEOC has issued a right-to-sue letter to the plaintiff.

4. Defendant employs more than 15 persons and has a principle place of business in East Hartford Connecticut where plaintiff became employed in 1973 as a machinist.

5. In 1988 Ms. Nestor began to be supervised by Joe Burns. Nestor brought to Burns's attention what she believed was a pattern of discrimination against her as one of the few female machinists in the department, as well as a pattern of retaliation for speaking out against discrimination. She complained further that Burns was allowing these patterns to continue.

6. Under Burns Nestor was doing Labor Grade 2 work but continued to be employed in a lesser labor grade.

7. Burns refused to remove critical remarks from her employee record despite a grievance determination that they should be removed.

8. Burns also refused to provide Nestor with training for computerized measuring machines and then refused to assign her for such work after she finally received training over his resistance.

9. Burns treated the females he worked with differently than the males, declining to discuss work with them as he did with males.

10. . Burns did not even consider Nestor's very explicit complaints of discrimination to be complaints on the basis of gender.

11. Burns also allowed "dirty jokes and lewd pictures" to circulate around his department.

12. During the period August 1990 through April 1991, Ms. Nestor was subjected to ongoing harassment from a male co-employee, Benjamin Elmore.

13. Nestor's problems with Burns increased in 1990 when she complained to him that she was being sexually harassed by Elmore and Burns largely ignored her complaints.

14. . When she was unable to get either Burns or personnel to take any action against Elmore, Nestor asked Burns for a transfer to a different work location but Burns ignored her requests and Nestor continued to be subjected to a hostile working environment and harassment from Elmore.

15. At the end of the shift on July 27, 1992 Nestor went to the time clock to punch out her work for the evening. When she arrived at the clock Elmore was socializing with

Dick Grous, who was punching out his work, a procedure requiring insertion of the employee's identification badge and a card logging his or her work.

16. Nestor stood in line behind Grous and while waiting for him to finish, retrieved her work card from the card racks next to the clock. Grous was taking longer than usual because of his conversation with Elmore. When Grous finished and began to walk off, Nestor was ready to punch out.

17. As she began to hit the "enter" button so she could put her identification in the clock's swipe slot, she noticed that Elmore was now looking for his work card in the card racks. But when Nestor inserted her identification into the slot, Elmore suddenly yelled, "Oh no you don't," reached across the front of her, pushing his body up against hers and knocking her hand away from the slot. Nestor tried again to insert her identification into the slot and held her ground against the assault from Elmore's body.

18. As Elmore continued to press his body against her in order to push her away from the clock, and to push himself between her and the clock, Nestor felt offended and very uncomfortable with his body pressed up against her chest. "Get off me you pervert," she yelled. Elmore stepped back and away only to step forward again and re-engage in the pushing. Nestor screamed again at Elmore to get off of her and, when he did not, she began using her elbows and legs as best she could to try to push him off her.

19. Instead of taking action against Elmore for his assault on Nestor, Burns took the view that even sexual assault does not justify self-defense by a woman and that Nestor's defensive use of her elbows and legs made her the "aggressor," justifying her termination. Nestor was fired.

20. Nestor filed a charge of discrimination and following a hearing before the Connecticut Commission on Human Rights & Opportunities, on September 20, 1999, a CHRO Hearing Officer issued a 30-page, single-spaced memorandum of decision and awarded damages for lost wages.

21. The Hearing Officer concluded that a "discriminatory motive (i.e.-her gender) was the factor that made the difference in Respondent's decision to fire her. The Respondent's treatment of Complainant as far back as 1990, *inter alia*, assists in and compels this conclusion." He found that Pratt's policy on fighting was "selectively enforced" against her, that its internal investigation was a "cover" for discrimination, that its use of that policy to fire her was pretextual, and that the man who made the decision to terminate Nestor, Martin Berr, based that decision on the biased input he received from Burns.

22. Pratt appealed the Hearing Officer's decision to the Superior Court. The Superior Court (Cohn, J.) affirmed the decision on February 20, 2001.

23. Pratt appealed the Superior Court's decision to the Connecticut Appellate Court on March 12, 2001. That court upheld the Superior Court's decision and Pratt filed a Petition for Certification on October 15, 2002. The Connecticut Supreme Court denied Pratt's petition.

24. Nestor has exhausted all remedies available under Connecticut state law.

25. Nestor seeks all remedies available to her under federal law which have not been awarded her under state law, including compensatory damages, punitive damages, attorney's fees and prejudgment interest.

Plaintiff demands a trial by jury.

                    **PLAINTIFF, GALE NESTOR**

By: _____
      Philip L. Steele   ct05430
      5 Linden Place
      Hartford CT 06106
      phone: (860)724-5680