# EXHIBIT D

Case 3:03-cv-00359-AVC Document 18-5 Filed 03/02/2004 Page 2 of 13



(5) This subsection shall not apply to complaints initiated by the commission or to pattern or practice or systemic cases.

(1998, P.A. 98–245, § 8, eff. July 1, 1998; 2000, P.A. 00–99, § 89, eff. Dec. 1, 2000; 2003, June 30 Sp.Sess., P.A. 03–6, § 192, eff. Aug. 20, 2003.)

### Historical and Statutory Notes

**Codification**

Gen.St., Rev. to 1999, codified 1998, P.A. 98–245, § 8, as C.G.S.A. § 46a–82e.

On and after Sept. 1, 1998, the terms "judicial district of Hartford–New Britain" or "judicial district of Hartford–New Britain at Hartford" wherever appearing, have been changed to "judicial district of Hartford" pursuant to 1988, P.A. 88–230, § 1, as amended by 1990, P.A. 90–98, § 1; 1993, P.A. 93–142, § 4; 1995, P.A. 95–220, § 4. See C.G.S.A. § 51–344a.

**Amendments**

**2000 Amendment.** 2000, P.A. 00–99, § 89, in subdiv. (d)(2), substituted "state marshal" for "sheriff".

**2003 Amendment.** 2003, June 30 Sp.Sess., P.A. 03–6, § 192, substituted "a commission legal counsel" for "the commission counsel" in subd. (2) of subsec. (d).

**Effective Dates**

**1998 Act.** 1998, P.A. 98–245, § 14, provided:

"This act shall take effect October 1, 1998, except that sections 1 to 12, inclusive, shall take effect July 1, 1998, and shall be applicable to all cases pending with the commission or in the courts and cases filed on or after said date."

**2000 Act.** 2000, P.A. 00–99, § 154, provided:

"This act shall take effect from its passage, except that (1) sections 1 to 7, inclusive, 10 to 123, inclusive, 125 to 138, inclusive, 147, 148 and 150 to 153, inclusive, shall take effect December 1, 2000, (2) if the Secretary of the State certifies that the constitutional amendment eliminating county sheriffs was not approved by the voters, sections 8, 9, 139 to 146, inclusive, and 149 shall cease to be effective on the date of said certification, and sections 1 to 7, inclusive, 10 to 123, inclusive, 125 to 138, inclusive, 147, 148 and 150 to 153, inclusive, shall not take effect on December 1, 2000, and (3) section 124 shall take effect on the date when both of the following events have occurred: (A) The Secretary of the State has certified the vote approving the constitutional amendment eliminating county sheriffs, and (B) the Commissioner of Children and Families has filed with the Governor and General Assembly written certification that the new Connecticut Juvenile Training Center is operational."

### Library References

Civil Rights ⚿1705, 1713, 1722.
Westlaw Topic No. 78.
C.J.S. Civil Rights §§ 188 to 189, 196, 201 to 212, 214 to 217.

## § 46a–83. Complaint: Review; dismissal; investigation; conciliation; disclosure; subpoena; default order

(a) Within twenty days after the filing of any discriminatory practice complaint, or an amendment adding an additional respondent, the commission shall cause the complaint to be served upon the respondent together with a notice (1) identifying the alleged discriminatory practice, and (2) advising of the procedural rights and obligations of a respondent under this chapter. The respondent shall file a written answer to the complaint under oath with the commission within thirty days of receipt of the complaint, provided a respondent may request, and the commission may grant, for good cause shown, one extension of time of fifteen days within which to file an answer to a complaint. The answer to any complaint alleging a violation of section 46a–64c or 46a–81e shall be filed within ten days of receipt.

(b) Within ninety days of the filing of the respondent's answer to the complaint, the executive director or the executive director's designee shall

s initiated by the commission

00–99, § 89, eff. Dec. 1, 2000
)03.)

otes

ng with the commission or in the
cases filed on or after said date.

2000, P.A. 00–99, § 154, provided
shall take effect from its passage
(1) sections 1 to 7, inclusive, 10 to
ve, 125 to 138, inclusive, 147, 148
153, inclusive, shall take effect De
000, (2) if the Secretary of the State
at the constitutional amendment
county sheriffs was not approved by
sections 8, 9, 139 to 146, inclusive
ll cease to be effective on the date of
ation, and sections 1 to 7, inclusive
nclusive, 125 to 138, inclusive, 147
0 to 153, inclusive, shall not take
cember 1, 2000, and (3) section 12
fect on the date when both of the
ents have occurred: (A) The Secre
tate has certified the vote approving
ional amendment eliminating coun
and (B) the Commissioner of Chil
milies has filed with the Governor
Assembly written certification that
necticut Juvenile Training Center is

7.

**stigation; conciliation; dis**

iscriminatory practice com
espondent, the commission
respondent together with a
ctice, and (2) advising of the
t under this chapter. The
plaint under oath with the
nplaint, provided a respon
for good cause shown, one
an answer to a complaint
section 46a–64c or 46a–81e

spondent's answer to the
e director's designee shall



review the file. The review shall include the complaint, the respondent's answer and the responses to the commission's requests for information, if any, and the complainant's comments, if any, to the respondent's answer and information responses. If the executive director or the executive director's designee determines that the complaint fails to state a claim for relief or is frivolous on its face, that the respondent is exempt from the provisions of this chapter or that there is no reasonable possibility that investigating the complaint will result in a finding of reasonable cause, the complaint shall be dismissed. This subsection shall not apply to any complaint alleging a violation of section 46a–64c or 46a–81e. The executive director shall report the results of the executive director's determinations pursuant to this subsection to the commission quarterly during each year.

(c) The executive director of the commission or his designee shall determine the most appropriate method for processing any complaint pending after review in accordance with subsection (b) of this section. The commission may conduct mandatory mediation sessions, expedited or extended fact-finding conferences or complete investigations or any combination thereof during the investigatory process for the purpose of finding facts, promoting the voluntary resolution of complaints or determining if there is reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint. As used in this section and section 46a–84, reasonable cause means a bona fide belief that the material issues of fact are such that a person of ordinary caution, prudence and judgment could believe the facts alleged in the complaint. A complaint may be dismissed if a complainant, after notice and without good cause, fails to attend a mandatory mediation session. A mediator may recommend, but not order, a resolution of the complaint. A complaint may be dismissed if the respondent has eliminated the discriminatory practice complained of, taken steps to prevent a like occurrence in the future and offered full relief to the complainant, even though the complainant has refused such relief.

(d) Before issuing a finding of reasonable cause or no reasonable cause, the investigator shall afford each party and his representative an opportunity to provide written or oral comments on all evidence in the commission's file, except as otherwise provided by federal law or any other provision of the general statutes. The investigator shall consider such comments in making his determination. The investigator shall make a finding of reasonable cause or no reasonable cause in writing and shall list the factual findings on which it is based not later than one hundred ninety days from the date of the determination based on the review of the complaint, conducted pursuant to subsection (b) of this section, except that for good cause shown, the executive director or his designee may grant no more than two extensions of the investigation of three months each. If the investigator makes a determination that there is reasonable cause to believe that a violation of section 46a–64c has occurred, the complainant and the respondent shall have twenty days from receipt of notice of the reasonable cause finding to elect a civil action in lieu of an administrative hearing pursuant to section 46a–84. If either the complainant or the respondent requests a civil action, the commission, through the Attorney General or a

commission legal counsel, shall commence an action pursuant to subsection (b) of section 46a–89 within forty-five days of receipt of the complainant's or the respondent's notice of election of a civil action.

(e) If the investigator issues a finding of no reasonable cause or if the complaint is dismissed (1) for failure to state a claim for relief, (2) because it is frivolous on its face, (3) because the respondent is exempt from the provisions of this chapter, or (4) because there is no reasonable possibility that investigating the complaint will result in a finding of reasonable cause or if the complaint is dismissed pursuant to subsection (c) of this section, the complainant may request reconsideration of such finding or dismissal with the executive director of the commission, or the executive director's designee, not later than fifteen days from the issuance of such finding or dismissal. The executive director of the commission, or the executive director's designee, shall reconsider or reject within ninety days of the issuance of such finding or dismissal. The executive director of the commission, or the executive director's designee, shall conduct such additional proceedings as may be necessary to render a decision on the request for reconsideration.

(f) Upon a determination that there is reasonable cause to believe that a discriminatory practice has been or is being committed as alleged in the complaint, an investigator shall attempt to eliminate the practice complained of by conference, conciliation and persuasion within fifty days of a finding of reasonable cause. The refusal to accept a settlement shall not be grounds for dismissal of any complaint.

(g) No commissioner or employee of the commission may disclose, except to the parties or their representatives, what has occurred in the course of such endeavors provided the commission may publish the facts in the case and any complaint which has been dismissed and the terms of conciliation when a complaint has been adjusted. Each party and his representative shall have the right to inspect and copy documents, statements of witnesses and other evidence pertaining to his complaint, except as otherwise provided by federal law or any other provision of the general statutes.

(h) In the investigation of any complaint filed pursuant to this chapter, the commission may issue subpoenas requiring the production of records and other documents relating to the complaint under investigation.

(i) The executive director of the commission or his designee may enter an order of default against a respondent (1) who, after notice, fails to answer a complaint in accordance with subsection (a) of this section or within such extension of time as may have been granted or (2) who fails to answer interrogatories issued pursuant to subdivision (11) of section 46a–54 or fails to respond to a subpoena issued pursuant to subsection (h) of this section and subdivision (9) of section 46a–54, provided the executive director or his designee shall consider any timely filed objection or (3) who, after notice and without good cause, fails to attend a mandatory mediation session. Upon entry of an order of default, the executive director or his designee shall appoint a presiding officer to enter, after notice and hearing, an order eliminating the discriminatory practice complained of and making the complainant whole.

rsuant to subsection (b)
e complainant's or the

nable cause or if the
relief, (2) because it
ipt from the provision
ssibility that investiga
iuse or if the complain
the complainant may
i the executive director
, not later than fifteen
ie executive director of
all reconsider or reject
smissal. The executive
designee, shall conduct
nder a decision on the

ause to believe that a
tted as alleged in the
practice complained of
y days of a finding of
iall not be grounds for

may disclose, except to
in the course of such
cts in the case and any
of conciliation when a
sentative shall have the
itnesses and other evi-
provided by federal law

ant to this chapter, the
on of records and other

designee may enter an
otice, fails to answer a
section or within such
) who fails to answer
ction 46a–54 or fails to
(h) of this section and
e director or his desig-
who, after notice and
on session. Upon entry,
esignee shall appoint a
i order eliminating the
ie complainant whole.



The commission or the complainant may petition the Superior Court for enforcement of any order for relief pursuant to section 46a–95.

(1980, P.A. 80–422, § 31; 1989, P.A. 89–332, § 4, eff. Jan. 1, 1990; 1990, P.A. 90–246, § 10; 1991, P.A. 91–58, § 29; 1991, P.A. 91–302, § 3, eff. July 1, 1991; 1992, P.A. 92–257, § 3; 1994, P.A. 94–238, § 1, eff. July 1, 1994; 1994, May 25 Sp.Sess., P.A. 94–1, § 14, eff. July 1, 1994; 1996, P.A. 96–241, § 4, eff. June 6, 1996; 1998, P.A. 98–245, § 2, eff. July 1, 1998; 2000, P.A. 00–12, §§ 1, 2; 2003, June 30 Sp.Sess., P.A. 03–6, § 193, eff. Aug. 20, 2003.)

## Historical and Statutory Notes

### Codification

Gen.St., Rev. to 1993, changed the section heading from "Complaint: Investigation; conciliation; disclosure; subpoena" to "Complaint: Investigation; conciliation; disclosure; subpoena; default order".

Gen.St., Rev. to 1995, changed the section heading from "Complaint: Investigation; conciliation; disclosure; subpoena; default order" to "Complaint: Review; dismissal; investigation; conciliation; disclosure; subpoena; default order".

### Amendments

**1989 Amendment.** 1989, P.A. 89–332, § 4, in subsec. (a), added the provisions requiring the commission to have the complaint be served upon the respondent who may file a written answer thereto and that the commission may conduct fact-finding conferences during the investigatory process; added subsecs. (b), (c) and (d) and redesignated former subsecs. (b) and (c) as (e) and (f), but added in subsec. (e) the provision allowing the parties to inspect and copy documents, statements of witnesses and other evidence pertaining to the complaint, and inserted the exception of parties and their representatives to the provision that no commissioner or investigator may disclose what has occurred in the course of such endeavors.

**1990 Amendment.** 1990, P.A. 90–246, § 10, in subsec. (a), added 10–day response period, reference to the filing of an amendment adding an additional respondent, subd. (1) and (2) notice provisions, and proviso allowing answer to complaint of a violation of § 46a–64c to be filed within 10 days of receipt.

**1991 Amendments.** 1991, P.A. 91–58, § 29, in subsec. (a), added reference to § 46a–81e.

1991, P.A. 91–302, § 3, without reference to amendment of subsec. (a) by 1991, P.A. 91–302, § 29, in subsecs. (a) and (b), substituted reference to the executive director for references to the chairman of the commission or the commissioner; throughout the section deleted references to commissioners in conjunction with references to investigators; and added subsec. (g).

**1992 Amendment.** 1992, P.A. 92–257, § 3, in subsec. (b), provided that if the investigator makes a determination that there is reasonable cause to believe that a violation of § 46a–64c has occurred, then the complainant and the respondent will have 20 days from receipt of notice of the reasonable cause finding to elect a civil action in lieu of an administrative hearing; and provided that in the case of an election of a civil action, the commission, through the Attorney General or the commission counsel, will commence the action pursuant to § 46a–89 within 45 days of receipt of notice of the election of a civil action.

**1994 Amendments.** 1994, P.A. 94–238, § 1, revised section, which had read:

"(a) Within ten days after the filing of any discriminatory practice complaint, or an amendment adding an additional respondent, the commission shall cause the complaint to be served upon the respondent together with a notice (1) identifying the alleged discriminatory practice, and (2) advising of the procedural rights and obligations of a respondent under this chapter. The respondent shall file a written answer to the complaint under oath with the commission within thirty days of receipt of the complaint, provided the answer to any complaint alleging a violation of section 46a–64c or 46a–81e shall be filed within ten days of receipt. The executive director of the commission shall refer the same to an investigator to investigate and determine if there is reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint. The commission may conduct fact-finding conferences during the investigatory process for the purpose of finding facts and promoting the voluntary resolution of complaints. As used in this section and section 46a–84, reasonable cause means a bona fide belief that the material issues of fact are such that a person of ordinary caution, prudence and judgment could believe the facts alleged in the complaint.

"(b) Before issuing a finding of reasonable cause or no reasonable cause, the investigator shall afford each party and his representative an opportunity to provide written or oral com-

ments on all evidence in the commission's file, except as otherwise provided by federal law or any other provision of the general statutes. The investigator shall consider such comments in making his determination. The investigator shall make a finding of reasonable cause or no reasonable cause in writing and shall list the factual findings on which it is based not later than nine months from the date of filing of the complaint, except that for good cause shown, the executive director or his designee may grant a single extension of the investigation of three months. If the investigator makes a determination that there is reasonable cause to believe that a violation of section 46a–64c has occurred, the complainant and the respondent shall have twenty days from receipt of notice of the reasonable cause finding to elect a civil action in lieu of an administrative hearing pursuant to section 46a–84. If either the complainant or the respondent requests a civil action, the commission, through the Attorney General or the commission counsel, shall commence an action pursuant to subsection (b) of section 46a–89 within forty-five days of receipt of the complainant's or the respondent's notice of election of a civil action.

"(c) If the investigator issues a finding of no reasonable cause, the complainant may request reconsideration of such finding with the commission not later than fifteen days from the issuance of such finding. The commission shall reconsider or reject within ninety days of the issuance of such finding.

"(d) Upon a determination that there is reasonable cause to believe that a discriminatory practice has been or is being committed as alleged in the complaint, an investigator shall attempt to eliminate the practice complained of by conference, conciliation and persuasion within sixty days of a finding of reasonable cause. The refusal to accept a settlement shall not be grounds for dismissal of any complaint.

"(e) No investigator may disclose, except to the parties or their representatives, what has occurred in the course of such endeavors provided the commission may publish the facts in the case and any complaint which has been dismissed and the terms of conciliation when a complaint has been adjusted. Each party and his representative shall have the right to inspect and copy documents, statements of witnesses and other evidence pertaining to his complaint, except as otherwise provided by federal law or any other provision of the general statutes.

"(f) In the investigation of any complaint filed pursuant to this chapter, the commission may issue subpoenas requiring the production of records and other documents relating to the complaint under investigation.

"(g) The executive director of the commission or his designee may enter an order of default against a respondent (1) who, after notice, fails to answer a complaint in accordance with subsection (a) of this section or within such extension of time as may have been granted or (2) who fails to answer interrogatories issued pursuant to subdivision (11) of section 46a–54 or fails to respond to a subpoena issued pursuant to subsection (f) of this section and subdivision (9) of section 46a–54, provided the executive director or his designee shall consider any timely filed objection. Upon entry of an order of default, the executive director or his designee shall appoint a presiding officer to enter, after notice and hearing, an order eliminating the discriminatory practice complained of and making the complainant whole. The commission may petition the superior court for enforcement of any order for relief pursuant to section 46a–95."

1994, May 25 Sp.Sess., P.A. 94–1, § 114, in subsec. (e), substituted reference to issuance of such finding or dismissal for reference to issuance of such finding or closure.

**1996 Amendment.** 1996, P.A. 96–241, § 4, in subsec. (d), extended time period that investigator must submit findings to 12 months from the date of filing the complaint, from 9 months from the date of such filing, and substituted provision authorizing the executive director or his designee to grant no more than 2 extensions of the investigation of 3 months each, for language authorizing the executive director or his designee to grant a single extension of the investigation of three months.

**1998 Amendment.** 1998, P.A. 98–245, § 2, in subsec. (a), substituted "twenty" for "ten" and inserted "a respondent may request, and the commission may grant, for good cause shown, one extension of time of fifteen days within which to file an answer to a complaint"; in subsec. (b), inserted "the respondent's answer to the" and deleted "On or before January 1, 1995, the provisions of this section shall apply to all complaints other than those alleging a violation of section 46a–64c or 46a–81e pending assignment to an investigator on July 1, 1994." before "The executive director"; in subsec. (d), substituted "one hundred ninety days" for "twelve months", substituted "the determination based on the review" for "filing", and inserted "conducted pursuant to subsection (b) of this section,"; in subsec. (e), inserted "or if the complaint is dismissed pursuant to subsection (c) of this section" and substituted "executive director of the commission, or his designee," for "commission" in the first, second and third sentences; in subsec. (f), substituted "fifty" for "sixty"; in subsec. (i), inserted "or the complainant"; and made other nonsubstantive changes.

ve director of the commission
ıay enter an order of default
ent (1) who, after notice, fails
laint in accordance with sub-
section or within such exten-
ıay have been granted or (2)
er interrogatories issued pur-
on (11) of section 46a–54 or
a subpoena issued pursuant
f this section and subdivision
ı–54, provided the executive
ignee shall consider any time-
Upon entry of an order of
tive director or his designee
esiding officer to enter, after
ıg, an order eliminating the
ctice complained of and mak-
ınt whole. The commission
ıperior court for enforcement
relief pursuant to section

p.Sess., P.A. 94–1, § 114, in
uted reference to issuance of
smissal for reference to issu-
g or closure.

ıt. 1996, P.A. 96–241, § 4, in
ed time period that investiga-
ıdings to 12 months from the
complaint, from 9 months
such filing, and substituted
ing the executive director or
nt no more than 2 extensions
ı of 3 months each, for lan-
the executive director or his
single extension of the inves-
onths.

t. 1998, P.A. 98–245, § 2, in
uted "twenty" for "ten" and
ıdent may request, and the
rant, for good cause shown,
time of fifteen days within
ınswer to a complaint"; in
d "the respondent's answer
d "On or before January 1,
ıs of this section shall apply
other than those alleging a
46a–64c or 46a–81e pending
ıvestigator on July 1, 1994."
ive director"; in subsec. (d),
hundred ninety days" for
substituted "the determina-
review" for "filing", and
d pursuant to subsection (b)
ı subsec. (e), inserted "or if
smissed pursuant to subsec-
ion" and substituted "execu-
commission, or his desig-
ion" in the first, second and
subsec. (f), substituted "fif-
subsec. (i), inserted "or the
made other nonsubstantive



**2000 Amendments.** 2000, P.A. 00–12, § 1, rewrote subsection (b), which prior thereto read:

"(b) Within ninety days of the filing of the respondent's answer to the complaint, the executive director or his designee shall review the file. The review shall include the complaint, the respondent's answer and the responses to the commission's requests for information, if any, and the complainant's comments, if any, to the respondent's answer and information responses. If the executive director or his designee determines that the complaint fails to state a claim for relief or is frivolous on its face, or there is no reasonable possibility that investigating the complaint will result in a finding of reasonable cause, the complaint shall be dismissed. This subsection shall not apply to any complaint alleging a violation of section 46a–64c or 46a–81e. The executive director shall report the results of his determinations pursuant to this subsection to the commission quarterly during each year."

2000, P.A. 00–12, § 2, rewrote subsection (e), which prior thereto read:

"(e) If the investigator issues a finding of no reasonable cause or if the complaint is dismissed (1) for failure to state a claim for relief, (2) because it is frivolous on its face or (3) because there is no reasonable possibility that investigating the complaint will result in a finding of reasonable cause or if the complaint is dismissed pursuant to subsection (c) of this section, the complainant may request reconsideration of such finding or dismissal with the executive director of the commission, or his designee, not later than fifteen days from the issuance of such finding or dismissal. The executive director of the commission, or his designee, shall reconsider or reject within ninety days of the issuance of such finding or dismissal. The executive director of the commission, or his designee, shall conduct such additional proceedings as may be necessary to render a decision on the request for reconsideration.

**2003 Amendment.** 2003, June 30 Sp.Sess., P.A. 03–6, § 193, substituted "a commission legal counsel" for "the commission counsel" in subsec. (d).

**Effective Dates**

**1998 Act.** 1998, P.A. 98–245, § 14, provided:

"This act shall take effect October 1, 1998, except that sections 1 to 12, inclusive, shall take effect July 1, 1998, and shall be applicable to all cases pending with the commission or in the courts and cases filed on or after said date."

## Administrative Code References

Commission on Human Rights and Opportunities, requests for reconsideration procedures, see Regs. Conn. State Agencies, § 46a–54–62a.

## Library References

Civil Rights ⟹1709 to 1711.
Westlaw Topic No. 78.
C.J.S. Civil Rights §§ 188 to 189, 196.

## Research References

**ALR Library**

51 ALR 5th 1, Application Of State Law To Age Discrimination In Employment.
21 ALR 5th 1, Pre-Emption Of Wrongful Discharge Cause Of Action By Civil Rights Laws.

**Treatises and Practice Aids**

Employment Coordinator ¶ EP-34,105, ¶ Ep-34,105 Basic FEP Statute Procedures; Complaints.
Employment Coordinator ¶ EP-34,108, ¶ Ep-34,108 Conciliation.
Employment Coordinator ¶ EP-34,109, ¶ Ep-34,109 Secrecy Of Proceedings.
Employment Coordinator ¶ EP-34,111, ¶ Ep-34,111 Procurement Of Evidence.
Employment Coordinator ¶ EP-34,107.5, ¶ Ep-34,107.5 Reasonable Cause Determination.
Employment Discrimination Coordinator ¶ 86,418, ¶ 86,418. Complaints And Answers.
Employment Discrimination Coordinator ¶ 86,419, ¶ 86,419. Investigations And Fact-Finding Conferences.
Employment Discrimination Coordinator ¶ 86,420, ¶ 86,420. Conciliation.
Employment Discrimination Coordinator ¶ 86,427, ¶ 86,427. Mandatory Commission Obligations.
Employment Discrimination Coordinator ¶ 86,419.5, ¶ 86,419.5. Reasonable Cause Findings.

### § 46a–84. Complaint: Hearing. Settlement or alternative dispute resolution. Order of default, when

(a) If the investigator fails to eliminate a discriminatory practice complained of pursuant to section 46a–82 within fifty days of a finding of reasonable cause, he shall, within ten days, certify the complaint and the results of the investigation to the executive director of the commission and to the Attorney General.

(b) Upon certification of the complaint, the executive director of the commission or his designee shall appoint a hearing officer, hearing adjudicator or human rights referee to act as a presiding officer to hear the complaint or to conduct settlement negotiations and shall cause to be issued and served in the name of the commission a written notice, together with a copy of the complaint, as the same may have been amended, requiring the respondent to answer the charges of the complaint at a hearing before the presiding officer or hearing adjudicator at a time and place to be specified in the notice, provided such hearing shall be commenced by convening a hearing conference not later than forty-five days after the certification of the complaint. The hearing shall be a de novo hearing on the merits of the complaint and not an appeal of the commission's processing of the complaint prior to its certification. The hearing shall proceed with reasonable dispatch and be concluded in accordance with the provisions of section 4–180.

(c) The place of any hearing may be the office of the commission or another place designated by it.

(d) The case in support of the complaint shall be presented at the hearing by the Attorney General, who shall be counsel for the commission, or by a commission legal counsel as provided in section 46a–55, as the case may be. If the Attorney General or the commission legal counsel determines that a material mistake of law or fact has been made in the finding of reasonable cause, he may withdraw the certification of the complaint and remand the file to the investigator for further action. The complainant may be represented by an attorney of his own choice. If the Attorney General or the commission legal counsel, as the case may be, determines that the interests of the state will not be adversely affected, the attorney for the complainant shall present all or part of the case in support of the complaint. No commissioner may participate in the deliberations of the presiding officer in the case.

(e) A hearing officer, hearing adjudicator, human rights referee or attorney who volunteers service pursuant to subdivision (18) of section 46a–54 may supervise settlement endeavors, or, in employment discrimination cases only, the complainant and respondent, with the permission of the commission, may engage in alternate dispute resolution endeavors for not more than three months. The cost of such alternate dispute resolution endeavors shall be borne by the complainant or the respondent or both and not by the commission. Any endeavors or negotiations for conciliation, settlement or alternate dispute resolution shall not be received in evidence.

(f) The respondent may file a written answer to the complaint under oath and appear at the hearing in person or otherwise, with or without counsel, and

it or alternative dispute reso

riminatory practice complai of a finding of reasonable ca and the results of the investi n and to the Attorney Gene ecutive director of the comm officer, hearing adjudicator er to hear the complaint or to be issued and served in ther with a copy of the co requiring the responden before the presiding office ecified in the notice, provid a hearing conference not la complaint. The hearing sh laint and not an appeal of th to its certification. The he be concluded in accordan

of the commission or anoth

e presented at the hearing b r the commission, or by 6a–55, as the case may be counsel determines that in the finding of reasonab mplaint and remand the fi inant may be represented b eral or the commission lega erests of the state will not b it shall present all or part o ioner may participate in th

n rights referee or attorne 18) of section 46a–54 ma t discrimination cases only ion of the commission, ma for not more than thre n endeavors shall be born ot by the commission. Any ment or alternate disput

e complaint under oath and h or without counsel, and



testimony and be fully heard. If the respondent fails to file a written answer prior to the hearing within the time limits established by regulation adopted by the commission in accordance with chapter 54 [1] or fails to appear at the hearing after notice in accordance with section 4–177, the presiding officer or hearing adjudicator may enter an order of default and order such relief as is necessary to eliminate the discriminatory practice and make the complainant whole. The commission or the complainant may petition the Superior Court for enforcement of any such order for relief pursuant to the provisions of section 46a–95.

(g) The presiding officer or hearing adjudicator conducting any hearing shall permit reasonable amendment to any complaint or answer and the testimony taken at the hearing shall be under oath and be transcribed at the request of any party.

(1980, P.A. 80–422, § 32; 1988, P.A. 88–317, § 100; 1989, P.A. 89–332, § 5, eff. Jan. 1, 1990; 1991, P.A. 91–302, § 4, eff. July 1, 1991; 1993, P.A. 93–362, § 3; 1994, P.A. 94–238, § 2, eff. July 1, 1994; 1996, P.A. 96–241, § 5, eff. June 6, 1996; 1998, P.A. 98–245, § 4, eff. July 1, 1998; 2003, P.A. 03–19, § 100, eff. May 12, 2003; 2003, June 30 Sp. Sess., P.A. 03–6, § 194, eff. Aug. 20, 2003; 2003, P.A. 03–143, § 2.)

[1] C.G.S.A. § 4–166 et seq.

### Historical and Statutory Notes

**Codification**

"Hearing examiner" has been changed to "hearing officer" and "hearing officer" has been changed to "presiding officer" in this section, as amended by 1989, P.A. 89–332, § 5, based upon 1988, P.A. 88–317, § 100, as set out in Gen.St., Rev. to 1989.

Gen.St., Rev. to 1991, changed "hearing examiner" to "hearing officer" and "hearing officer" to "presiding officer" wherever appearing.

Gen.St., Rev. to 1993, changed the section heading from "Hearing" to "Hearing. Order of default, when".

Gen.St., Rev. to 1995, changed the section heading from "Complaint: Hearing. Order of default, when" to "Complaint: Hearing. Settlement or alternative dispute resolution. Order of default, when".

**Amendments**

**1988 Amendment.** 1988, P.A. 88–317, § 100, in subsec. (b), substituted reference to hearing officer for hearing examiner, and reference to presiding officer for hearing officer, wherever appearing, and in subsecs. (d) and (g), substituted reference to presiding officer for hearing officer, wherever appearing.

**1989 Amendment.** 1989, P.A. 89–332, § 5, in subsec. (a), set a time limit for elimination of a discriminatory practice of within 45 days of a finding of reasonable cause, after which a complaint is required to be certified by the investigator; in subsec. (b), added proviso that such hearing be held not later than 90 days after a finding of reasonable cause; in subsec. (d), allowed the complainant to be represented by an attorney of his own choice; and in subsec. (f), required the written answer to the complaint to be made under oath.

**1991 Amendment.** 1991, P.A. 91–302, § 4, in subsec. (a), deleted reference to the commissioner in conjunction with reference to the investigator, and substituted "executive director" for "chairman"; in subsec. (b), substituted reference to the executive director or his designee for reference to the chairman, and deleted language allowing the appointment of a member of the commission to act as a presiding officer; in subsec. (d), provided that no commissioner could participate in the deliberations by deleting language that had limited this disqualification only to commissioners who had previously been involved in the investigation; and in subsec. (f), added sentences establishing procedures for when a respondent fails to file a timely answer or fails to appear.

**1993 Amendment.** 1993, P.A. 93–362, § 3, in subsec. (b), inserted references to hearing adjudicator, gave hearing officer or hearing adjudicator authority to conduct settlement negotiations, and provided that the hearing shall be de novo; in subsec. (d), provided that the Attorney General or commission counsel may allow attorney for the complainant to represent all or part of the case if not adverse to the State's interest; in subsec. (e), inserted provisions regarding settlement endeavors and, in the case of

**2. Nature of proceeding**

Petition, which was brought under § 4-61*l* (see, now, this section) providing that any person claiming to be aggrieved by a violation of provisions relating to discriminatory practices by state agencies may petition Court of Common Pleas for appropriate relief, was a special statutory proceeding for judicial review of administrative action and, as such, it constituted an appeal under the statute, and plaintiffs could not invoke use of § 52-105 which permits a class action to include members of a class they claimed to represent. Jones v. Foote (1973) 338 A.2d 467, 165 Conn. 516. Civil Rights ⚿ 1712; Parties ⚿ 35.83

**3. Notice**

Gay student group's failure to give notice, as required to maintain claim for declaratory judgment, did not deprive trial court of jurisdiction to issue injunction, in group's action against university that included claim for injunction to prohibit university from allowing military to recruit at law school due to military's discrimination against homosexuals, and claim for declaratory judgment that university had violated antidiscrimination statute, since group did not pursue its claim for declaratory judgment, and trial court did not consider or rule on that claim. Gay and Lesbian Law Students Ass'n at University of Connecticut School of Law v. Board of Trustees, University of Connecticut (1996) 673 A.2d 484, 236 Conn. 453. Civil Rights ⚿ 1762

Statute governing issuance of injunction for violation of antidiscrimination statute does not contain notice requirement. Gay and Lesbian Law Students Ass'n at University of Connecticut School of Law v. Board of Trustees, University of Connecticut (1996) 673 A.2d 484, 236 Conn. 453. Civil Rights ⚿ 1760

**4. Relief**

Issuance of an injunction requires, in a proceeding under § 4-61*l* (see, now, this section) providing that any person claiming to be aggrieved by a violation of provisions relating to discriminatory practices by state agencies may petition Court of Common Pleas for appropriate relief, allegations and proof that the plaintiffs are aggrieved and that their aggrievement constitutes a justiciable interest in the controversy in question, one fact of which is founded on imminence of substantial and irreparable injury. Jones v. Foote (1973) 338 A.2d 467, 165 Conn. 516. Injunction ⚿ 118(2)

## § 46a-100. Discriminatory practice. Cause of action upon release from commission

Any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82 and who has obtained a release from the commission in accordance with section 46a-83a or 46a-101, may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the respondent transacts business, except any action involving a state agency or official may be brought in the superior court for the judicial district of Hartford.

(1991, P.A. 91-331, § 1; 1998, P.A. 98-245, § 6, eff. July 1, 1998.)

### Historical and Statutory Notes

**Codification**

On and after Sept. 1, 1998, the terms "judicial district of Hartford-New Britain" or "judicial district of Hartford-New Britain at Hartford" wherever appearing, have been changed to "judicial district of Hartford" pursuant to 1988, P.A. 88-230, § 1, as amended by 1990, P.A. 90-98, § 1; 1993, P.A. 93-142, § 4; 1995, P.A. 95-220, § 4. See C.G.S.A. § 51-344a.

Gen.St., Rev. to 1999, changed the section heading from "Discriminatory employment practice. Cause of action upon release from commission" to "Discriminatory practice. Cause of action upon release from commission".

Technical changes were made to conform to Gen.St., Rev. to 1999.

**Amendments**

**1998 Amendment.** 1998, P.A. 98-245, § 6, deleted ", alleging a violation of section 46a-60" after "section 46a-82"; and inserted "46a-83a or" after "with section".

**Effective Dates**

**1988 Act.** 1988, P.A. 88-230, § 12, as amended by 1990, P.A. 90-98, § 2; 1993, P.A.

Practices Act would not be dismissed for failure to exhaust administrative remedies, though individuals were not named as respondents in discrimination claim filed with Connecticut Commission on Human Rights and Opportunities; firefighters were not represented by counsel when they filed complaint, and individual employees were referred to by name throughout complaint. Peterson v. City of Hartford, D.Conn.1999, 80 F.Supp.2d 21. Civil Rights ⚿ 1715

Federal law regarding exhaustion of administrative remedies as prerequisite to suit under Title VII is applicable to Connecticut Fair Employment Practices Act (CFEPA). Maloney v. Connecticut Orthopedics, P.C., D.Conn.1999, 47 F.Supp.2d 244. Civil Rights ⚿ 1715

Former state employee's action against former state prosecutor for infliction of emotional distress and assault and battery arising out of alleged sexual harassment was not barred by former employee's failure to file a complaint with or obtain a release from the commission on human rights and opportunities; former employee did not allege that the conduct of the former prosecutor was attributable to the state as employer, and nothing suggested that intent of discriminatory employment practices statute was to insulate an employee perpetrator from primary liability for his wrongful conduct or to preclude either a common-law action for emotional distress or an action for assault and battery against a fellow employee. Boyles v. Preston (2002) 792 A.2d 878, 68 Conn.App. 596, certification denied 802 A.2d 853, 261 Conn. 901. Assault And Battery ⚿ 19; Civil Rights ⚿ 1715; Damages ⚿ 49.10

Former employee exhausted her administrative remedies under Connecticut Fair Employment Practices Act (CFEPA) against owner and president of her two former employers, and therefore trial court had subject matter jurisdiction over former employee's common-law claims against owner and president based on alleged sexual harassment, though title of former employee's discrimination complaint with commission on human rights and opportunities (CHRO) did not include name of owner and president; former employee had not been represented by counsel at time she filed complaint, owner had notice of complaint, complaint specifically described ways that owner was alleged to have harmed former employee, interests of owner and former employers were nearly identical for purposes of voluntary conciliation and compliance, and owner's actions in offering to allow former employee to leave her employment as layoff due to lack of work represented to former employee that he could control her relationship with companies. Malasky v. Metal Products Corp. (1997) 689 A.2d 1145, 44 Conn. App. 446, certification denied 695 A.2d 539, 241 Conn. 906. Civil Rights ⚿ 1715

Employee, an American citizen of Arab descent, could not bring national origin discrimination claims under Connecticut Fair Employment Practices Act (CFEPA) against employer in federal court, where employee did not request release of pending discrimination claim from Connecticut Commission on Human Rights and Opportunities (CCHRO), and instead requested reconsideration of CCHRO's dismissal of his charge; employee's only avenue of relief, following rejection of his request for reconsideration, was to file administrative appeal to state Superior Court. Nader v. Brunalli Const. Co., D.Conn.2002, 2002 WL 724597, Unreported. Civil Rights ⚿ 1715

## § 46a–101. Release of pending complaint alleging discriminatory practice. Time period for bringing action after release

(a) No action may be brought in accordance with section 46a–100 unless the complainant has received a release from the commission in accordance with the provisions of this section.

(b) The complainant and the respondent, by themselves or their attorneys, may jointly request that the complainant receive a release from the commission at any time from the date of filing the complaint until the expiration of two hundred ten days from the date of filing of the complaint. The complainant, or his attorney, may request a release from the commission if his complaint with the commission is still pending after the expiration of two hundred ten days from the date of its filing.

(c) The executive director of the commission shall grant a release, allowing the complainant to bring a civil action, within ten business days after receipt of the request for the release, except that if a case is scheduled for public hearing,

executive director may decline to issue a release. The commission may defer acting on a request for a release for thirty days if the executive director of the commission, or his designee, certifies that he has reason to believe that the complaint may be resolved within that period.

(d) Upon granting a release, the commission shall dismiss or otherwise administratively dispose of the discriminatory practice complaint pending with the commission without cost or penalty assessed to any party.

(e) Any action brought by the complainant in accordance with section 46a–100 shall be brought within ninety days of the receipt of the release from the commission.

(1991, P.A. 91–331, § 2; 1998, P.A. 98–245, § 7, eff. July 1, 1998.)

## Historical and Statutory Notes

**Codification**

Gen.St., Rev. to 1999, changed the section heading from "Release pending complaint alleging discriminatory employment practice. Time period for bringing action after release" to "Release pending complaint alleging discriminatory practice. Time period for bringing action after release".

**Amendments**

**1998 Amendment.** 1998, P.A. 98–245, § 7, in subsec. (b), added the first sentence.

**Effective Dates**

**1998 Act.** 1998, P.A. 98–245, § 14, provided:

"This act shall take effect October 1, 1998, except that sections 1 to 12, inclusive, shall take effect July 1, 1998, and shall be applicable to all cases pending with the commission or in the courts and cases filed on or after said date."

## Library References

Civil Rights ⚷1722, 1730.
Westlaw Topic No. 78.
C.J.S. Civil Rights §§ 201 to 217.

## Research References

**Treatises and Practice Aids**

Employment Coordinator ¶ EP-34,105.1, ¶ Ep-34,105.1 Releases.
Employment Discrimination Coordinator ¶ 86,418.5, ¶ 86,418.5. Releases.

## Notes of Decisions

Release requirement 1

---

**1. Release requirement**

Former state employee's action against former state prosecutor for infliction of emotional distress and assault and battery arising out of alleged sexual harassment was not barred by former employee's failure to file a complaint with or obtain a release from the commission on human rights and opportunities; former employee did not allege that the conduct of the former prosecutor was attributable to the state as employer, and nothing suggested that intent of discriminatory employment practices statute was to insulate an employee perpetrator from primary liability for his wrongful conduct or to preclude either a common-law action for emotional distress or an action for assault and battery against a fellow employee. Boyles v. Preston (2002) 792 A.2d 878, 68 Conn.App. 596, certification denied 802 A.2d 853, 261 Conn. 901. Assault And Battery ⚷ 19; Civil Rights ⚷ 1715; Damages ⚷ 49.10

Failure of Hispanic employee, who did not receive a release, or right to sue letter prior to commencing action, to follow administrative procedures in pursuing a claim of discrimination under Connecticut law foreclosed access to judicial relief because it deprived trial court of subject matter jurisdiction. Garcia v. Saint

same time all other parties in such action are served. Service on the commission shall be for the purpose of providing legal notice of the action and shall not thereby make the commission a necessary party to the action. The commission, through its counsel or the Attorney General, may intervene as a matter of right in any action brought in accordance with section 46a–100.

(1991, P.A. 91–331, § 4.)

### Research References

**Treatises and Practice Aids**

Employment Discrimination Coordinator ¶ 86,436, ¶ 86,436. Right To Bring Independent Suits.

## § 46a–104. Civil action for discriminatory employment practice: Relief

The court may grant a complainant in an action brought in accordance with section 46a–100 such legal and equitable relief which it deems appropriate including, but not limited to, temporary or permanent injunctive relief, attorney's fees and court costs.

(1991, P.A. 91–331, § 5.)

### Library References

Civil Rights ⊂⇒1757, 1761, 1765, 1773.
Westlaw Topic No. 78.
C.J.S. Civil Rights § 222.

### Research References

**ALR Library**

4 ALR, Federal 833, Time Requirements For Civil Action For Violation Of Equal Employment Opportunities Provisions Under Sec. 706 Of Civil Rights Act Of 1964 (42 Usc Sec. 2000e-5).

93 ALR 5th 47, When Is Work Environment Intimidating, Hostile Or Offensive, So As To Constitute Sexual Harassment Under State Law.

**Treatises and Practice Aids**

Employment Discrimination Coordinator ¶ 86,407, ¶ 86,407. Attorney's Fees And Costs.

Employment Discrimination Coordinator ¶ 86,430, ¶ 86,430. Suits For Preliminary And Temporary Relief.

## §§ 46a–105 to 46a–125. Reserved for future use