**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GALE NESTOR | : | CIVIL ACTION NO. 3:03CV359 (AVC) |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| PRATT & WHITNEY | : | |
| | : | |
| Defendant. | : | APRIL 12, 2004 |

**<u>DEFENDANT'S REPLY BRIEF IN SUPPORT</u>**
**<u>OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment does not

warrant denying Defendant's Motion for Summary Judgment. Her arguments notwithstanding, the

doctrine of res judicata still applies to this case and prevents the Plaintiff from re-litigating claims

she presented in her initial state law action.  Moreover, Plaintiff's tactical decision to stay in a

forum where her remedies were limited -- but also where discovery was limited -- instead of

proceeding in state court, precludes her from seeking "supplemental" relief now in federal court.

Defendant's Motion for Summary Judgment should be granted.

**I.      FEDERAL PRECEDENT ON RES JUDICATA BARS THIS ACTION**

**A.      The Supreme Court's Decision on <u>Kremer</u> Applies to this Matter**

Although Plaintiff contends otherwise, there can be little real dispute that <u>Kremer v. Chem.</u>

<u>Constr. Corp.</u>, 456 U.S. 461 (1982) applies to this matter. Plaintiff contends that <u>Kremer</u> does not

apply because the Defendant appealed the findings of the Connecticut Commission on Human Rights and Opportunites ("CHRO") to state court, instead of her. (Pl. Br. at 12.)  Moreover, Plaintiff claims that Defendant's appeal is not even a "suit" in which res judicata would apply.  (Pl. Br. at 9.) Both arguments are not supported by the caselaw and are without merit.

As noted in Defendant's underlying memorandum, <u>Kremer</u> set forth a test in which federal courts must give preclusive effect to a decision of a state court upholding a state administrative agency's finding when (1) the state court's decision would be given res judicata effect in the state's own courts, and (2) the agency and the state court proceedings meet the minimum due process requirements of the Fourteenth Amendment.  <u>Kremer</u>, 456 U.S. at 463, 484-85.  Thus, a federal court applying <u>Kremer</u> must look to the applicable state law concerning res judicata for instruction and guidance.

Several cases that have examined <u>Kremer</u> have found that res judicata applies to reviewed state administrative decisions, regardless of which party applied for the judicial review.  <u>Gonsalves v. Alpine Country Club</u>, 727 F.2d 27 (1st Cir. 1984); <u>Hickman v. Electronic Keyboarding Inc.</u>, 741 F.2d 230 (8th Cir. 1984); <u>Davis v. United States Steel Supply</u>, 688 F.2d 166 (3d Cir. 1982).[1] "Although Kremer did not specifically consider the case of an employer-initiated state court

---

[1] Plaintiff cites <u>Bray v. New York Life Ins.</u>, 851 F.2d 60, 64 (2d Cir. 1988) for the proposition that <u>Kremer</u> only applies when a plaintiff has voluntarily entered the state court system, not to instances where a plaintiff has been brought to a state court through an appeal by the defendant. (Pl. Br. at 12.). The <u>Bray</u> case does not stand for the proposition claimed by the plaintiff.

action, its discussion of section 1738 and Title VII indicates that a state judgment in such a case should be accorded its full res judicata effect." Capers v. Long Island Rail Road, 31 Fair Empl. Prac. Cas. 668, 1983 WL 506 (S. D. N. Y. 1983). So long as a court reviews the state agency finding, courts should apply res judicata. University of Tennessee v. Elliott, 478 U.S. 788 (1986).

In the present matter, the Defendant appealed the CHRO findings to both the Connecticut Superior and Appellate Courts. Those courts reviewed the CHRO's findings using an "arbitrary and capricious" standard of review and upheld the CHRO's findings. The Plaintiff then brought this present action in federal court seeking compensatory and punitive damages, and attorneys' fees based on the identical facts raised below. This is the type of situation contemplated by Kremer; as such, the doctrine of res judicata applies and the Supreme Court's rule in Kremer should be followed.[2]

### B.    The Seventh Circuit's Decision in Patzer Is Not to the Contrary

Although Plaintiff contends that Kremer does not apply, she nevertheless relies heavily on a Seventh Circuit case, Patzer v. Bd. of Regents, 763 F.2d 851 (7th Cir. 1985), for the contention that her present action should be allowed. (Pl. Br. at 13.) However, in Patzer, the Seventh Circuit

---

[2] Justice Blackmun, in his dissent in Kremer, spoke to this very situation. "Indeed, a prudent discrimination complainant may make every effort to *prevent* the state agency from reaching a final decision. If the complainant prevails after a full hearing, he runs the risk that his adversary may seek judicial review." 456 U.S. at 505, n. 18 (Blackmun, J., dissenting) (emphasis in original).

reviewed the Kremer decision and found that it applied.  The Seventh Circuit also found that res judicata would ordinarily bar the employee's Title VII action after an initial state administrative hearing.  Nevertheless, the Court found that Wisconsin law would, under the circumstances in that case, create a rare exception to res judicata and permit the suit.  Patzer, far from assisting the plaintiff, demonstrates that Defendant's reliance on Kremer is appropriate and correct.

In Patzer, the Seventh Circuit reviewed Wisconsin law as the Supreme Court in Kremer requested.  The Seventh Circuit found that res judicata would normally bar a plaintiff's Title VII claims after she had prevailed on her state discrimination claims at a state agency and on appeal in state court.  The Court found that Wisconsin would create an exception to the doctrine of res judicata because the defendant that appealed the matter to state court and lost at the appellate level.[3] Id.  As discussed below, Connecticut would not create an exception similar to Wisconsin law.  In any event, Plaintiff's reliance on Patzer demonstrates that the Supreme Court's analysis in Kremer must be followed.  Thus, this court must review Connecticut law.

---

[3] The Court did not cite any Wisconsin case directly on point; rather, the Seventh Circuit merely interpreted prior case law to speculate what a Wisconsin court would do in that particular matter.

## II.    CONNECTICUT LAW ON RES JUDICATA BARS PLAINTIFF'S ACTION

Applying the Supreme Court's instruction in <u>Kremer</u> to review the applicable state law, Connecticut law provides for the granting of Defendant's Motion.[4]   Plaintiff's attempt to limit the holdings of Connecticut courts on the issue of res judicata should be disregarded. (Pl. Br. at 15.) There is no doubt that under Connecticut law, res judicata applies to bar this federal court action, absent some exception. A judgment is final not only to every matter that was offered to sustain the claim, but <u>also as to any other matter which might have been offered for that purpose</u>.  <u>Fink v. Golenbock</u>, 238 Conn. 183, 191 (1996) (*emphasis added*).  "[Res judicata] applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action."  <u>Duhaime v. American Reserve Life Ins. Co</u>., 200 Conn. 360, 365 (1986) (*emphasis added*).  Plaintiff has pointed to no Connecticut cases that would create an "exception" to this doctrine of res judicata similar to the one created in <u>Patzer</u>.

The Plaintiff tries to distance her case from <u>Cabrera v. Dep't of Soc. Servs.</u>, No. X04CV0124541S, 2002 Conn. Super. LEXIS 2772 (Conn. Super. Ct. Aug. 19, 2002) (McLachlan,

_____

[4] Although the Defendant believes the issue to be settled in Connecticut, to the extent that this Court deems Connecticut law to be unsettled with respect to whether Connecticut would create an exception to the application of res judicata, the Court may certify such an issue to the Connecticut Supreme Court for resolution.  <u>See</u> Conn. Gen. Stat. §51-199b.

J.), by stating that some of that cases underlying procedural facts are unclear.  (Pl. Br. at 15.)
However, <u>Cabrera</u> provides additional guidance for this Court in determining whether Connecticut
would create an exception to general res judicata principles.  In <u>Cabrera</u>, the plaintiff brought a
successful employment discrimination claim in federal court under Title VII.  After she recovered
damages in the federal action, she brought a discrimination action in Connecticut Superior Court
seeking, among other things, attorneys' fees under CFEPA. The court dismissed the case based
upon res judicata and collateral estoppel grounds, noting that there was nothing that had prevented
plaintiff from seeking federal and state law relief in the state courts.  As the court stated, "It would
be impermissible to permit the plaintiff to use the doctrine of collateral estoppel affirmatively and
internally inconsistent to say that 'the issues were resolved in my favor in the first case and may
not be relitigated by the defendant, but I am entitled to seek further damages.'"  <u>Id.</u> at *11.

Likewise, in this case, Plaintiff chose to bring her discrimination claim in a forum (the
CHRO) in which she could not recover certain remedies (compensatory damages, punitive
damages and attorneys fees).  As in <u>Cabrera</u>, there was nothing that prevented Plaintiff from
originally bringing claims in a forum (the state court or federal court) that would have offered the
additional damages.  In addition, Plaintiff could have brought the federal claims in state court as
well.  Plaintiff received a final judgment from the CHRO that was affirmed by the Superior Court
and Appellate Court in Connecticut.  Under res judicata, this judgment bars Plaintiff's attempt to
seek additional damages by bringing her discrimination claim in federal court.

As noted earlier, although Patzer relies on Wisconsin law to create an exception to the application of res judicata, Plaintiff has still claimed that this Court should follow Patzer. While the Patzer case appears, on first blush, to be similar to the present matter, there are at least two central factors present in Patzer that are not present here. First, under Wisconsin state law at the time, victims of discrimination were not allowed to recover back pay (unlike Title VII) at all. Patzer, 763 F.2d at 853.[5]  Thus, the court in Patzer was concerned with supplementing a remedy that was unavailable at all at state law, consistent with the remedial purposes of Title VII.  Here, Connecticut law and Title VII are consistent in the remedies available.  Plaintiff here did not recover the remedies she seeks because she chose to continue her case at a state agency, with all the associated benefits there.  Thus, unlike Patzer, where the employee was not allowed to recover relief at all under state law, Connecticut law provided for the remedies that the Plaintiff now seeks. The Plaintiff merely needed to avail herself of the state court proceedings.  As such, there is no

---

[5]  Indeed, in New York Gaslight Club, Inc. v. Carey, 447 U.S. 54 (1980), the employee also had a similar predicament; under New York law, the employee was not entitled under state law to recover attorneys' fees for work performed at a state administrative proceeding.  447 U.S. at 67 n.7. As another court stated, the crucial facts of Carey are that "The plaintiff in Carey never had a chance to assert a valid claim for attorney's fees in the state proceeding because the applicable state law did not allow for an award of attorney's fees; therefore the plaintiff could not receive complete relief in the state court." Washington v. Department of Human Resources, 759 F. Supp. 825, 827 (M.D. Ga., 1991)

need for Title VII's "supplemental" relief provisions to be implemented because state law provides for complete relief. Thus, the central holding in <u>Patzer</u> is not applicable in this case.[6]

Second, in <u>Patzer,</u> there was no evidence that the employee used the state administrative proceedings and procedures as a tactical shield, i.e. to limit the employer's use of discovery, motions and other procedures, or that she was using the state agency's counsel as a substitute for her own attorney. Here, Plaintiff admits in her affidavit, that the decision to stay at the CHRO was one of strategy, not necessity. According to Plaintiff, her attorney "explained that litigating the case in court without first establishing liability in the CHRO would require much more work and time because of motions, discovery, writing and other requirements of the court, and that the CHRO's attorneys would no longer be available to do much of the work on my case." (Pl. Aff. at ¶15.)[7] Thus, in this case, the Plaintiff made a tactical decision to stay at the CHRO to prevent the Defendant from engaging in discovery and other pretrial procedures. Moreover, she planned to

_____

[6] At the time <u>Patzer</u> was decided, the issue of whether state courts had concurrent jurisdiction over Title VII claims was also unsettled. However, by 1990, the Supreme Court had already settled this issue and held that a plaintiff could also file her Title VII claim in state court. <u>Yellow Freight Sys., Inc. v. Donnelly</u>, 494 U.S. 820 (1990). Indeed, as one Connecticut court recently put it, "[there was] nothing that prevented plaintiff from seeking federal and state law relief in the State Courts." <u>Cabrera v. Dep't of Soc. Servs.</u>, No. X04CV0124541S, 2002 Conn. Super. LEXIS 2772, *11 (Conn. Super. Ct. Aug. 19, 2002). Plaintiff's suggestion that she could not have brought her federal law claims in state court (Pl. Br. at 7-8) is incorrect.

[7] Plaintiff also contends that she could not have brought her case to federal court because her attorney would have charged her $1000 per month to proceed in that forum. (Pl. Aff. at ¶8.) Plaintiff has not contended, however, that she was unable to find another attorney to take the matter to federal court, nor does she contend that she even looked for another attorney.

avail herself of the CHRO's attorneys to "do much of the work" on her case. (Pl. Aff. at ¶15.) In addition, the hearing officer reviewing the matter did not rely on the federal rules of evidence and could, for example, admit hearsay. Conn. Gen. Stat. §4-177 to 4-180. Having made a conscious decision to gain the advantages of the CHRO proceeding, the Plaintiff must be willing to live with the disadvantages, namely a more limited scope of recovery. Title VII need not "supplement" her state relief when the limited relief was of the Plaintiff's own making.[8]

### III.    THE SUPREME COURT'S DECISION IN <u>CAREY</u> DOES NOT REQUIRE SUPPLEMENTAL RELIEF TO BE GRANTED

The Plaintiff contends that <u>New York Gaslight Club, Inc. v. Carey</u>, 447 U.S. 54 (1980) must control in this situation to permit her present action to recover attorneys fees as well as compensatory and punitive damages. (Pl. Br. at 16-17.) Defendant relies on the argument raised in its Memorandum of Law addressing this matter. However, one additional point raised by the Plaintiff warrants brief consideration. Contrary to Plaintiff's assertion, <u>Carey</u> did not set forth a blanket rule that supplemental relief <u>must</u> be allowed. Rather, the Supreme Court recognized that "special circumstances" might exist that might warrant preventing the Plaintiff from recovering her attorneys fees from a state administrative proceeding; 447 U.S. at 68 (citing <u>Newman v. Piggie Park Enterprises</u>, 390 U.S. 400, 401 (1968)). Thus, even if this court read <u>Carey</u> to permit this

---

[8] Plaintiff suggests that she was <u>required</u> to proceed with her claims at the CHRO (Pl. Br. at 4); however, neither Connecticut law nor federal law mandate such a procedure. Rather, they merely mandate the filing of such claims with the applicable administrative agency.

action in disregard for its later decision in <u>Kremer</u>, the special circumstances of this matter –
namely the unavailability of the remedies at state law because of her election of forums – do not
warrant allowing the Plaintiff to continue this present action.  Moreover, the Supreme Court did
not address the issuance of other types of "supplemental" relief such as compensatory and punitive
damages. [9]  Thus, even if this court were to find the <u>Carey</u> matter applicable, the special
circumstances of this case do not warrant the issuance of attorneys' fees or other damages as a
matter of law.

For all of the foregoing reasons, and those stated in Defendant's Memorandum of Law in
Support of Its Motion for Summary Judgment, Defendant's Motion for Summary Judgment must
be granted.

---

[9] The <u>Carey</u> decision did not address the issue of compensatory or punitive damages,
ostensibly because they were not permissible items of recover under Title VII until the 1991
Amendments of the Civil Rights Act.

DEFENDANT,
PRATT & WHITNEY,


By _____
       Daniel A. Schwartz (ct15823)
       Day, Berry & Howard LLP
       CityPlace I, 185 Asylum Street
       Hartford, CT  06103-3499
       (860) 275-0100
       (860) 275-0343 (fax)
       *daschwartz@dbh.com*
       Its Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this Monday, April 12, 2004, via first class mail, postage prepaid, to:

Philip L. Steele
5 Linden Place
Hartford, CT 06106


_____
       Daniel A. Schwartz

-11-