UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 MAR 31  P 3: 25

US DISTRICT COURT
HARTFORD CT

GALE NESTOR,
    Plaintiff,

VS.

PRATT & WHITNEY,
    Defendant.

Civil No. 3:03CV359(AVC)

## RULING ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is an action for damages brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 ("Title VII"), and Conn. Gen. Stat. § 46a-60 et seq. The plaintiff, Gale Nestor, alleges that her employer, United Technologies, Pratt & Whitney Division ("Pratt & Whitney") terminated her employment on the basis of her gender. Prior to this action, Nestor filed the same complaint with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") and prevailed, receiving an award of back pay and interest. The Connecticut superior court and appellate court thereafter affirmed that decision. In the action pending here, the plaintiff seeks damages that were not available in the CCHRO proceeding, namely, compensatory damages, punitive damages, attorney's fees and prejudgment interest.

The defendant, Pratt & Whitney, has filed the within motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that the doctrine of res judicata bars this action.

1

The issue presented is whether the doctrine of res judicata bars the plaintiff from bringing the action. For the reasons hereinafter set forth, the court answers in the affirmative. Accordingly, the motion for summary judgment is GRANTED.

## FACTS

Examination of the complaint, affidavits, pleadings, and Local Rule 56(a) statements, and the responses thereto, discloses the following undisputed, material facts.

The plaintiff, Gale Nestor, is a resident of Woodstock, Connecticut. The defendant, United Technologies, Pratt & Whitney Division ("Pratt & Whitney") is a business located in East Hartford, Connecticut. In 1973, Pratt & Whitney hired Nestor as a machinist in its East Hartford facility. On September 2, 1992, Pratt & Whitney terminated Nestor's employment. On November 5, 1992, Nestor filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") alleging that Pratt & Whitney terminated her employment based on her gender, in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(a)(1), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Nestor cross-filed her complaint with the Equal Employment Opportunity Commission ("EEOC"). The CCHRO advised Nestor that it could not award compensatory damages but that full damages could be sought in state court.

On February 5, 1993, as the result of an arbitration between the parties, Pratt & Whitney reinstated Nestor as an employee but did not award her back pay.

In June of 1998, the CCHRO held a public hearing on Nestor's discrimination claim. On September 20, 1999, the CCHRO issued a decision finding that Pratt & Whitney terminated Nestor's employment based on her gender. The Commission awarded her back-pay as well as prejudgment and postjudgment interest.

Pratt & Whitney appealed the decision to the Connecticut superior court. On February 20, 2001, the superior court affirmed the CCHRO decision. Pratt & Whitney further appealed to the Connecticut appellate court. On September 10, 2001, the appellate court affirmed the superior court's decision. On October 15, 2002 Pratt & Whitney filed a petition for certification with the Connecticut supreme court. The court thereafter denied the petition. On February 19, 2003, the EEOC issued Nestor a right-to-sue letter.

On February 28, 2003, Nestor filed a complaint in this court alleging discrimination on the basis of her gender in violation of Title VII. The complaint states that "Nestor seeks all remedies available to her under federal law which have not been awarded [to] her under state law, including compensatory damages, punitive damages, attorney's fees and prejudgment interest."

On June 13, 2003 Pratt & Whitney paid Nestor all back pay awarded to her in the CCHRO proceeding with interest.

3

## **STANDARD**

Summary judgment is appropriately granted when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.1991), cert. denied, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Liberty Lobby, supra, at 247-48, 106 S.Ct. 2505. The Supreme Court has noted that:

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried by a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

<u>Celotex v. Catrett</u>, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## DISCUSSION

Pratt & Whitney first argues that it is entitled to judgment as a matter of law because "[Nestor's] attempt to relitigate her gender discrimination claim is barred by [the doctrine of] res judicata." Specifically, Pratt & Whitney argues, "[t]he CHRO's final judgment on the merits of [Nestor's] discrimination claim, reviewed and affirmed by the Connecticut superior court and appellate court, prevents [Nestor] from relitigating her discrimination claim."

Nestor responds that she is not barred by the doctrine of res judicata from relitigating her discrimination claim here because she did not have the opportunity to present her claims in an earlier proceeding. In this regard, Nestor maintains that she could not have presented her claim for money damages with the CCHRO because that agency is not empowered to award such relief, and moreover, she could not have presented that claim to the Connecticut superior court or the Connecticut appellate court as these proceedings were appeals of her favorable CCHRO decision as filed by Pratt & Whitney.

Res judicata is a powerful claim preclusion doctrine in which "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or

could have been raised in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398, 69 L. Ed. 2d 103, 102 S. Ct. 2424 (1981). In determining whether a claim is barred by res judicata, "a federal court . . . look[s] first to state preclusion law in determining the preclusive effects of a state court judgment." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 381 (1985) (citing 28 U.S.C. § 1738). In Connecticut, "the doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action [between the same parties or those in privity with them] on the same claim." State v. Ellis, 197 Conn. 436, 462-463 (1985) (citing State v. Aillon, 189 Conn. 416 (1983)). In Title VII cases that are first filed with state and federal administrative agencies, a final judgment on the merits occurs when a state court has reviewed the administrative decision. See Kremer v. Chemical Construction Corp., 456 U.S. 461, 72 L. Ed. 2d 262, 102 S. Ct. 1883 (1982). In Kremer, the plaintiff filed a Title VII claim in federal court after the appellate division of the New York supreme court upheld a decision of the New York State Division of Human Rights ("NYHRD") denying his claim. Id. at 464-65. The Court held that a New York state court judgment affirming the NYHRD decision precluded the plaintiff from bringing his Title VII claim in the

New York courts and the plaintiff was therefore barred under the doctrine of res judicata from bringing the same action in federal court. Id. at 466-67; see also Mitchell v. National Broadcasting Company, 553 F.2d 265 (2d Cir. 1977) (holding that a state agency determination, upheld in state courts, is res judicata of a subsequent federal action on the same claim). The doctrine does not apply, however, where a plaintiff could not have raised the claims in an earlier proceeding. Grand Bahama Petroleum Co. v. Asiatic Petroleum Corp., 550 F.2d 1320, 1323 (2d Cir. 1977).

The question presented here is whether Nestor could have raised her claim for Title VII damages in an earlier proceeding. Based on a review of the record, the court answers this question in the affirmative.

In Connecticut, a person aggrieved by discrimination in the workplace must first file a complaint with the CCHRO, which exercises joint jurisdiction with the EEOC over state and federal discrimination claims. 42 U.S.C. § 2000e-5(c); 29 C.F.R. § 1601.70. In order to file a Title VII lawsuit in federal court, the complainant must then obtain a "right to sue" letter from the EEOC. 42 U.S.C. § 2000(f)(1). If the EEOC has not filed a civil action [in the United States District Court] within 180 days of the filing of complainant's charge with the EEOC, the complainant may request, and is entitled to receive, a "right to sue" letter

7

from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(a)(1) (2004). The burden is on the plaintiff to obtain a "right to sue" letter from the EEOC before a final state court judgment enters. See Heyliger v. State U. & Comm. Coll. System of Tenn., 126 F.3d 849, 855 (6th Cir. 1997).

The record discloses that Nestor filed her CCHRO and EEOC complaint on November 5, 1992. Nestor had ample opportunity to request a "right to sue" letter from the EEOC before the Connecticut appellate court rendered a final judgment on her complaint. The court rendered judgment affirming the superior court and CCHRO decisions on September 10, 2001, approximately eight years and ten months after Nestor's complaint was filed with the EEOC. Thus Nestor had several years to request a "right to sue" letter from the EEOC and bring her Title VII claim in federal court. The burden was on Nestor to timely obtain her "right to sue" letter from the EEOC. See Heyliger v. State U. & Comm. Coll. System of Tenn., 126 F.3d 849, 855 (6th Cir. 1997) (holding that res judicata under Tennessee law barred a Title VII claim because the plaintiff could have requested a right-to-sue from the EEOC letter before judgment of the state court issued).[1]

---

[1] See also Prochotsky v. Baker & McKenzie, 966 F.2d 333, 335 (7th Cir. 1992) (plaintiff's "decision to wait on the Title VII suit prevents her from recovering on that claim."); Woods v. Dunlop Tire Co., 972 F.2d 36 (2d Cir. 1992) (finding that plaintiff's "failure to take these minimal steps [of seeking a right to sue notice on her Title VII claim after 180 days] necessary to

8
8

Accordingly, the doctrine of res judicata bars Nestor from bringing the present action.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment (document no. 16) is GRANTED.

It is so ordered this 31st day of March, 2005 at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge

---

preserve each claim independently" did not exempt her Title VII claim from the bar of res judicata).