UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GALE NESTOR, | : | CIVIL ACTION NO. |
| | : | 3:03CV359 (AVC) |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| PRATT & WHITNEY, | : | |
| | : | |
| Defendant. | : | MAY 24, 2007 |

## JOINT TRIAL MEMORANDUM

Pursuant to this Court's April 24, 2007 Order, the parties respectfully submit this Joint Trial Memorandum.

1. **TRIAL COUNSEL**

    Plaintiff, Gale Nestor:

    Philip L. Steele (ct05430)
    5 Linden Place
    Hartford CT 06106
    (860) 724-5680

    Defendant, Pratt & Whitney:

    Albert Zakarian (ct04201)
    David C. Salazar-Austin (ct25564)
    Day Pitney LLP
    CityPlace I
    Hartford, CT  06103-3499
    (860) 275-0100
    (860) 275-0343 (fax)
    Its Attorneys

2. **JURISDICTION**:

    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because there is a federal question at issue between the parties.

3. **JURY/NON-JURY:**

    Plaintiff's claim is to be tried to the Court.

4.   **NATURE OF THE CASE**:

Plaintiff's Statement

Plaintiff won an administrative claim of sex discrimination and filed this suit seeking relief not available before the agency: compensatory and punitive damages, prejudgment interest and attorney's fees.

Defendant's Statement

In September 1992, Pratt & Whitney ("Pratt") terminated Plaintiff's employment as a result of a verbal and physical altercation that she had with a fellow employee in which, after an investigation, she was deemed by the company to be the aggressor. After Plaintiff prevailed in a labor arbitration, she was returned to work on February 26, 1993. The labor arbitration did not result in an award of back pay to Plaintiff.

As a result of her termination, Plaintiff also filed a claim of gender discrimination against Pratt in the Connecticut Commission on Human Rights and Opportunities ("CCHRO"). Following a CCHRO public hearing, Plaintiff was awarded $12,126 in back pay and $13,058 in pre- and post-judgment interest, which Pratt has paid in full.

In February 2003, Plaintiff brought this lawsuit seeking additional relief not available before the CCHRO. This Court granted summary judgment in favor of Pratt & Whitney ("Pratt"), but the Second Circuit vacated the judgment and remanded the case for further proceedings. See Nestor v. Pratt & Whitney, 466 F. 3d 65 (2006). Pratt denies that Plaintiff is entitled to additional relief.

5. **STIPULATIONS OF FACT:**

   1. Plaintiff began working for Pratt in 1973 as a machinist.

   2. For each year from 1992 to the present, Pratt has employed more than 500 persons.

   3. In 1992, Plaintiff filed a claim of gender discrimination with the CCHRO.

   4. Following a public hearing as expressed in a written decision dated September 20, 1999, Plaintiff was awarded back pay on her claim of gender discrimination.

   5. Pratt paid $12,126.00 in back pay, and $13,058.02 in pre- and post-judgment interest in full on or about June 13, 2003.

   6. On February 28, 2003, Plaintiff brought this action seeking damages not available before the CCHRO.

   7. After this Court granted Pratt's motion for summary judgment, the Second Circuit vacated the judgment in favor of Pratt and remanded the case for these further proceedings.  See Nestor v. Pratt & Whitney, 466 F. 3d 65 (2006).

6. **PLAINTIFF'S CONTENTIONS:**

   1. Nestor suffered embarrassment, humiliation and anguish as a result of the discrimination inflicted on her.

   2. Pratt's termination of plaintiff and the continuing course of discriminatory conduct found by the CCHRO which it was part of, shows sufficient malice, reprehensible or bad faith conduct or reckless indifference as to justify an award of punitive damages.

7. **DEFENDANT'S CONTENTIONS:**

   1. Pratt denies that Plaintiff is entitled to further damages as a result of Pratt's conduct as alleged by Plaintiff.

8. **LEGAL ISSUES:**

   Plaintiff's Statement of Issues:

   1. Nestor suffered embarrassment, humiliation and anguish as a result of the discrimination inflicted on her, requiring an award of compensatory damages.
   2. Pratt's termination of plaintiff and the continuing course of discriminatory conduct found by the CCHRO which it was part of, shows sufficient malice, reprehensible or bad faith conduct or reckless indifference as to justify an award of punitive damages.
   3. Nestor has incurred attorney's fees recoverable under Title VII.
   4. The CCHRO's findings are entitled to preclusive effect in these proceedings.

   Defendant's Statement of Issues:

   1. Has Plaintiff proven by a preponderance of the evidence that she suffered emotional distress as a result of Pratt & Whitney's conduct as alleged in the federal complaint?
   2. Has Plaintiff proven by a preponderance of the evidence that Pratt & Whitney acted with malice or reckless indifference to federal law, as is necessary to establish a claim for punitive damages?
   3. Has Plaintiff properly substantiated her claim for attorney's fees, and if so, what is the proper measure of Plaintiff's attorney's fees?
   4. Whether and to what extent the CCHRO's findings are entitled to preclusive effect in these proceedings?

9. **VOIR DIRE QUESTIONS:**

   Not applicable.

10. **LIST OF WITNESSES**:

    Plaintiff's List of Witnesses

    1. Gale Nestor, 248 Bungay Hill Road, Woodstock, CT, will testify about the emotional distress she suffered as a result of defendant's discrimination against

> her and the events that brought about distress. Estimate of probable duration: one hour.
>
> 2. Pratt or United Technologies Corp. Chief Financial Officer regarding defendant's assets and income.
>
> 3. Rebuttal witnesses to be determined when Pratt decides whether and whom it may call as its witnesses.

Defendant's List of Witnesses

Defendant anticipates that it may call some or all of the witnesses listed below and some of the witnesses listed by Plaintiff. Defendant expressly reserves the right to amend this witness list to call additional witnesses, if necessary, to rebut testimony offered by Plaintiff's witnesses.

> 1. <u>Pratt Human Resource Representative</u>: A representative from Pratt will likely testify regarding the Company's equal employment opportunity policies, anti-discrimination policies, and workplace investigation and discipline. This witness may also testify about collective bargaining procedures.
>
> 2. <u>Carlos Burgos (or another representative from Pratt's security department)</u>: Will likely testify about the investigation that preceded Plaintiff's termination.
>
> 3. <u>Pratt Labor Relations Representative</u>: A representative of Pratt may testify about collective bargaining procedures and the grievance process.
>
> 4. <u>Joseph Burns</u>: May testify regarding the reasons for Plaintiff's termination and her alleged emotional distress.
>
> 5. <u>Bennie Elmore</u>: May testify regarding Plaintiff's alleged emotional distress and the events that preceded Plaintiff's termination.

11. **EXHIBITS**:

> Plaintiff's List of Exhibits:
>
> 1. CHRO Hearing Officer's September 20, 1999 30-page, single spaced memorandum of decision and findings of fact.
>
> 2. UTC Annual Reports, 1992 – 2007.

Defendant's List of Exhibits:

Defendant expressly reserves the right to amend this list up to the time of trial and to use any of the exhibits on Plaintiff's list of exhibits. Defendant further reserves the right to use charts or enlargements during the course of the trial as needed, and rebuttal exhibits if necessary:

1. Pratt's Written Policies regarding the Company's equal employment opportunity policies, anti-discrimination policies, and workplace investigation and discipline.

2. The Exhibits Entered Into Evidence during the CCHRO's Public Hearing of this dispute.

12. **DEPOSITION TESTIMONY**:

Plaintiff will not offer any deposition testimony.

Defendant may introduce portions of Plaintiff's deposition testimony as admissions and/or inconsistent statements depending upon Plaintiff's testimony at trial.

13. **REQUESTS FOR JURY INSTRUCTIONS:**

Not applicable.

14. **ANTICIPATED EVIDENTIARY PROBLEMS:**

Plaintiff does not anticipate any evidentiary problems.

At this point, Defendant intends on filing two motions in limine concerning the scope of Plaintiff's potential alleged damages. First, Pratt will seek to exclude any evidence of emotional distress damages that predate the Civil Rights Act of 1991. Second, Pratt will seek to exclude any evidence of emotional distress damages that relate to incidents not encompassed in the Complaint or which followed her termination from Pratt. Plaintiff has filed subsequent discrimination and retaliation charges against Pratt at the CCHRO relating to post-termination events and Plaintiff cannot recover damages based on incidents for which she already has charges pending. Pratt reserves its right to file additional motions in limine as the case develops prior to trial.

15. **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

    Plaintiff's Proposals:

    1. Nestor suffered embarrassment, humiliation and anguish as a result of the discrimination inflicted on her, requiring an award of compensatory damages.

    2. Pratt's termination of plaintiff and the continuing course of discriminatory conduct found by the CCHRO which it was part of, shows sufficient malice, reprehensible or bad faith conduct or reckless indifference as to justify an award of punitive damages. Luciano v. Olsten Corp., 110 F.3d 210 (2d Cir. 1997).

    3. Nestor has incurred attorney's fees recoverable under Title VII.

    4. The CCHRO's findings are entitled to preclusive effect in these proceedings.

    Defendant's Proposals:

    1. Plaintiff has failed by a preponderance of the evidence to prove that she suffered emotional distress as a result of Pratt's alleged conduct. See, e.g., Azimi v. Jordan's Meats, Inc., 456 F.3d 228, 235 (1st Cir. 2006) ("The availability of noneconomic damages [under Title VII] does not mean that their recovery is automatic whenever a plaintiff prevails [on liability].") (quoting Lindemann & Grossman, 2 Employment Discrimination Law 1828 (3d ed. 1996)); Azimi, 456 F.3d at 235 ("Injuries allegedly caused by the violation of Title VII . . . must be proven to the factfinder . . . which may reasonably find, within the law, that while there has been [discrimination], the plaintiff has not been injured in any compensable way by it."); EEOC Policy Guidance No. 915.002 § II(A)(2) (July 14, 1992) ("An award for emotional harm is warranted only if there is sufficient

      causal connection between the respondent's illegal actions and the complaining party's injury.")

2. Plaintiff has failed by a preponderance of the evidence to prove that she is entitled to punitive damages as result of Pratt's alleged conduct. See, e.g., Dobrich v. General Dynamics Corp., 106 F. Supp. 2d 386, 394 (D. Conn. 2000) (denying punitive damages to plaintiff who had successfully established violation of Title VII because court could not "find support in the record to conclude that the Defendant acted with 'malice or with reckless indifference' to federal law")

16. **TRIAL TIME:**

Plaintiff expects that her case in chief can be presented in approximately one to two hours.

Defendant anticipates that it will require one day to present its defense.

17. **FURTHER PROCEEDINGS**:

Plaintiff does not anticipate any further proceedings before trial. Plaintiff will submit her application for attorney's fees after trial.

Defendant does not anticipate any further proceedings, except for rulings on the motions in limine discussed above.

18. **ELECTION FOR TRIAL BY MAGISTRATE**:

The parties request a trial before a United States District Court Judge.

| PLAINTIFF,<br>GALE NESTOR | THE DEFENDANT,<br>PRATT & WHITNEY |
|---|---|
| Philip L. Steele (ct05430)<br>5 Linden Place<br>Hartford CT 06106<br>(860) 724-5680<br>Her Attorney | By: /s/ Douglas W. Bartinik<br>    Albert Zakarian (ct04201)<br>    David C. Salazar-Austin (ct25564)<br>    Douglas W. Bartinik (ct26196)<br>    Day Pitney LLP<br>    CityPlace I<br>    Hartford, CT  06103-3499<br>    (860) 275-0100<br>    (860) 275-0343 (fax)<br>    Its Attorneys |

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date via postage prepaid to:

Philip Steele, Esq.
5 Linden Place
Hartford, CT 06106

                        /s/
                        Douglas W. Bartinik